A. R. MEBANE ET AL. *v.* VILLAGE OF HICKORY FLAT.

[55 South. 359.]

SCHOOL DISTRICTS.    *Creation.    Code* 1906, *section* 4530.

  Under Code 1906, section 4530, a municipality may create a separate school district without reference to any petition of the qualified electors therein, and it is not necessary, in order that a separate school district shall be established by a municipality, that it be shown that the district can maintain a school term of seven months.

APPEAL from the chancery court of Benton county.
HON. I. T. BLOUNT, Chancellor.

Suit by the village of Hickory Flat against A. R. Mebane et al. From a judgment for plaintiff, defendant appeals.

The facts are sufficiently stated in the opinion of the court.

*Smith & Totten* and *E. C. Wright,* for appellants.

Section 4530 of the Code 1906 provides as follows: "Any municipality by an ordinance of the mayor and board of aldermen thereof, or any unincorporated dis-

trict of less than sixteen square miles, by the county
school board on a petition of the majority of the qualified
electors therein, may be declared a separate school dis-
trict," etc.

It is contended that this section does not require a pe-
tition of a majority of the qualified electors of a munici-
pality to authorize the mayor and board of aldermen
thereof to declare the municipality a separate school dis-
trict; but that this provision requiring a majority of
the qualified electors only applies to an unincorporated
district; that a municipality can declare itself a sepa-
rate school district by simply passing an ordinance to
that effect. We *do not* so understand the statute. Our
construction of this statute is this: That it means that
municipalities and unincorporated districts can only be
declared separate school districts precisely in the same
manner, viz., on a petition of a majority of the quali-
fied electors therein, presented to either the authorities
of the municipality, or the authorities of the unincorpo-
rated districts. And the mayor and board of aldermen
of the village in attempting to pass these ordinances pro-
ceeded on this construction of the law. This construc-
tion that we have placed upon this section of the law,
we think is strengthened by the fact that section 4011 of
the Code 1892 absolutely prohibited a municipality of
less than three hundred inhabitants from becoming a
separate school district, but the Code of 1906, section
4530, left it to the election of a majority of the qualified
electors of a municipality to say whether it would become
a separate school district or not. If we are correct in
this contention then the mayor and board of aldermen
of this village were without authority on the 1st day of
March, 1910, to declare the village of Hickory Flat a
separate school district, because on that date they did
not have before them a petition signed by a majority of
the qualified electors of the village asking that the vil-
lage be made a separate school district.

99 Miss.—38

The said ordinances are also void because they are unreasonable in this: That the municipality will not yield sufficient revenue to support the purposes for which they were passed. Section 3317 of the Code provides, "But a village of less than three hundred inhabitants shall never levy a tax on real and personal property to exceed for all purposes four mills on the dollar;" section 4534 of the Code provides that the mayor and board of aldermen of the municipality constituting a separate school district . . . shall annually levy a tax to pay for fuel, etc., for a public free school, . . . but a tax in excess of three mills on the dollar shall not be levied or collected without the consent of a majority of the taxpayers of the municipality." We contend that the provision in section 3317 of the Code as to the four mill levy is emphatic and prohibitory from the levy of any taxes whatever on the real and personal property of the village in excess of four mills on the dollar. Section 4530, perhaps, permits a municipality of three hundred inhabitants to become a separate school district, but when the village is so declared such separate school district, the schools must be supported for the length of time with the revenues derived alone from the four mill levy provided for in section 3317 supplemented by the common school fund, and such other funds as hereinafter stated in this case, and, in this instant case it would require more funds to conduct the school for the time prescribed by law than the entire four mill levy authorized by law would raise supplemented by the other revenues that would come into the village treasury from other sources as will hereinafter appear, and would leave nothing to meet the governmental expenses of the village. The assessed value real and personal in the village including railroad property is eighty-seven thousand, five hundred and eighty-six dollars. A three mill tax on this amount of property is two hundred forty-two dollars and seventy-five cents; the village would receive from the common

school fund one hundred ninety-two dollars, and from
the Chicwasaw school fund, fifty dollars and from poll.
taxes forty-seven dollars, making a total of five hundred
thirty-one dollars and seventy-five cents from all sources
in revenue for school purposes that the village can possi-
bly raise, thus leaving one mill for governmental pur-
pose; surely this cannot be sufficient revenue to maintain
the schools for white and colored in the village for seven
months, to say nothing of the erection of school build-
ings at a minimum of cost of fifteen hundred dollars,
according to J. C. Bright's testimony, and for the addi-
tional cost for fuel and other necessary expenses inci-
dent to the proper conduct of such schools. So, it must
appear to the court the utter folly of attempting to carry
out and enforce an impossible undertaking. Especially
is this condition of the case magnified when it will ap-
pear from the testimony of J. C. Bright that the village
is now in debt in an amount greater than a four mill
levy can pay.

It was contended in the court below that the four mill
levy was confined by the statute only to the levy of taxes
for general municipal or governmental purposes, and
that in addition to the four mill levy for that purpose the
village could levy an additional tax of three mills for
school purposes. Section 4534 of the Code requires that
the mayor and board of aldermen shall levy a tax to sup-
port and maintain the separate school district; but it
does not provide that this three mill tax shall be addi-
tional to the taxes provided for in section 3317. We
contend that section 3317 restricts the powers of munici-
palities from levying greater taxes than there provided,
except by a consent of the taxpayers. Laws authorizing
the levying of taxes are strictly construed. Am. and
Eng. Ency. Law (2d Ed.), vol. 27, p. 870.

The remedy of the municipality in aid of a longer
term of school therein is provided for by chapter 127 of
the Laws of Mississippi, 1908.

In conclusion we do submit that there is nothing whatever to show that there are any ordinances passed by the mayor and board of aldermen whatever in regard to taxation that are valid; because the foundation for the taxing powers of the board does not exist, as there are no established limits to the village specifying upon what property within definite limits a valid levy can be made; that the alleged ordinances declaring the village a separate school district are unreasonable and void for the reasons hereinbefore presented, and we insist that we do not think that the court will undertake to enforce such ordinances passed by a board so utterly incompetent to transact the business of the municipality that this board is shown by the record to be, and especially when the enforcement of these reckless proceedings would jeopardize the school facilities of the village already established, and would be taking the property of the citizens without adequate returns in benefit. It verily seems that it would not be going too far to say that the village is without any form of municipal government whatever. We earnestly submit that the decree should be reversed, and a decree entered in this court for appellants as prayed for in the bill.

*C. Lee Crum,* for appellees.

As stated in the abstract of the case appellants make the following contentions:

The resources of the Village of Hickory Flat are not sufficient under the law regulating and limiting the rate of taxation to enable it to operate a separate school district as required for seven months in each year.

But the contention of appellants that the courts have power to review the board's action I submit is unsound. Section 4530, Code 1906, delegates the decision of the question of the creation of a separate school district in a municipality to the mayor and board of aldermen thereof, and where the board has acted in good faith in the ex-

·ercise of this discretion, a court has no authority to en-
join the action of the board. The provision of the section
denies to the municipality the rights and privileges of a
separate school district when the authorities fail to main-
tain a ·free public school for seven months or more in
·each year therein, thus making the ordinance creating the
district self-nugatory and void by the operation of the
law authorizing the creation of the district. If the Vil-
lage of Hickory Flat cannot by lawful levy maintain a
free public school for seven months in any year it will by
·operation of this section be deprived of the privilege of
a separate school district, without the intervention of an
order from any court. It is therefore the contention here
that the mayor and board of aldermen have reposed, in
them as a body sole discretion as to the propriety ·and
·feasibleness of creating a separate school district and as
long as this discretion is not abused by bad faith on the
part of the board· the courts have no jurisdiction to
interfere and enjoin such action of the board as is other-
wise authorized by law. No bad faith is alleged and
·certainly none shown by the proof to have existed.

The section is as follows, and speaks for itself on this
proposition, ·as well ·as upon the second contention of
·appellants.

"4530. Separate School Districts.—Any municipality,
by an ordinance of the mayor and board of aldermen
thereof, or any incorporated ·district of not less than six-
teen square miles, by the county school board, on a peti-
tion of the majority of the qualified electors therein,
may be declared a separate school district, but shall not
be entitled to the rights and privileges of a separate
·school district unless a free public school shall be main-
tained therein for a term of at least seven months in
·each scholastic year."

·The appellees take the position, which is carefully
·set forth in their answer, that in a municipality, a peti-
tion is necessary to authorize the mayor and board of

aldermen to declare by ordinance a separate school district.

Section 4011, Code 1892, did not require any petition. At that time there was no authority in the statutes anywhere for the formation of a separate school district of unincorporated territory. When the law was amended so as to authorize the county school board to create a separate school district of unincorporated. territory, the phrase "on a petition of a majority of the qualified electors therein" was inserted after reference to unincorporated territory, and was intended to qualify only that, and was not designed to take from the mayor and board of aldermen of municipalities any of their powers theretofore delegated to them. The same punctuation precedes and follows this phrase in reference to the same things in section 4531, Code 1906, which is in the next following section to the one under construction. The same form and punctuation is adhered to in the amendment of section 4531, found in Laws 1910, page 218. This construction is in exact accord with official opinion of our present able attorney-general construing section 4530, Code, and which is here referred to as persuasive on this point. I, therefore, conclude there is no merit in second contention of appellants.

MAYES, C. J., delivered the opinion of the court.

We do not think any of the questions in this case require consideration other than the ones which we shall mention. By section 4530, Code of 1906, it is provided that "any municipality, by an ordinance of the mayor and board of aldermen thereof, or any unincorporated district of not less than sixteen square miles, by the county school board, on a petition of a majority of the qualified electors therein, may be declared a separate school district, but shall not be entitled to the rights and privileges of a separate school district unless a free public school shall be maintained therein for a term of at

least seven months in each scolastic year.'' It is contend-
ed, under this section, that a municipality cannot estab-
lish a separate school district, unless petitioned so to do
by a majority of the qualified electors therein. It is also
contended that, before a separate school district may be
established, it must be shown that the municipality has
sufficient property on which to levy a tax to raise revenue
sufficient to maintain the school for seven months. We
notice only these contentions, since the record answers
all others.

As to the first one, it is plain, from the statute, that
a municipality may create a separate school district with-
out reference to any petition of the qualified electors
therein. Section 4530, Code of 1906, is a rescript of sec-
tion 4011 of the Code of 1892, except that in the Code of
1906 provision is made for the first time for the estab-
lishment of a separate school district in unincorporated
territory. Under section 4011, Code of 1892, this could
not be done. That our conclusion as to this is correct
becomes clear by referring to section 4011, Code of 1892.
Section 4011, Code of 1892, provided that any munici-
pality of three hundred or more inhabitants could be
declared a separate school district by an ordinance of
the mayor and board of aldermen, and nothing was there
said about any petition from the qualified electors. In
adopting the Code of 1906 no change in the law was
made as to this, but a new right was given to unincorpo-
rated territory to form itself into a separate school dis-
trict by a petition of a majority of the qualified electors
acting through the county school board. In unincorpo-
rated territory, it was necessary for the initiative to be
taken by somebody, and since in this unincorporated ter-
ritory there was no one to take this initiative except
the qualified electors, it was but natural that it should
be confided to them; and since it was necessary for some
one to have the authority to say whether or not the peti-
tion had a majority, and to declare the separate school

district created, this power was confided to the county school board of the county.

It is not necessary, in order that a separate school district shall be established by the municipality, that it be shown that the district can maintain a school for a term of seven months. The district may be created without this showing being made; but the statute provides its own penalty where a separate school district fails to maintain a school for a term of seven months in each scholastic year. If the separate school district fail to maintain a school for the term reuired by the statute, it is not then entitled to the rights and privileges of a separate school district; but the power to so declare it is not affected in any way, and, when so declared, it will be a separate school district as soon as the school is maintained for the period of time required.

*Affirmed.*